UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARK A. MCCALEB,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,

Case No. 1:16-cv-466

HON. JANET T. NEFF

_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted).  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight.  *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was fifty-two years of age on the date of the Administrative Law Judge's (ALJ) decision.  (PageID.45, 68.)  He has a GED, and was previously employed as a truck driver.  (PageID.68, 78.)  Plaintiff applied for benefits on July 30, 2013, alleging disability beginning January 12, 2013, due to bipolar disorder, vertigo, chronic sinusitis, sleep apnea, muscle pain, issues with his thyroid, and a skin disorder in his hands.  (PageID.131–132, 202–203.)  Plaintiff's application was denied on October 21, 2013, after which time he requested a hearing before an ALJ.  (PageID.142–147.)  On January 8, 2015, Plaintiff appeared with his counsel before ALJ William

Reamon for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.65–128.) In a written decision dated March 27, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.45–64.) On March 30, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.35–40.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Reamon determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (PageID.50.) At step two, the ALJ determined Plaintiff had the severe impairments of moderate major depressive disorder, social anxiety, bipolar disorder, and myalgia of the back and knees. (PageID.51.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.51–53.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments to perform:

> light work as defined in 20 CFR 404.1567(b) except the claimant must avoid concentrated exposure to temperature extremes[,] wetness, vibration and fumes, odors, dusts, gases and poor ventilation; he also must avoid even moderate exposure to hazards such as dangerous moving machinery and unprotected heights; he can occasional[ly] interact[] with the general public and supervisors.

(PageID.53.) Continuing with the fourth step, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (PageID.58.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform other work as an assembler (16,000 Michigan jobs and 560,000 national jobs), packer (12,000 Michigan jobs and 420,000 national jobs), and inspector (6,000 Michigan jobs and 210,000 national jobs). (PageID.126.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.59–60.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from January 12, 2013, the alleged disability onset date, through March 27, 2015, the date of decision. (PageID.60.)

## DISCUSSION

On July 22, 2016, the Court entered a Notice in this case regarding the filing of briefs. The Notice, in relevant part, stated that Plaintiff's initial brief "must contain a Statement of Errors, setting forth the specific errors of fact or law upon which Plaintiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue." (PageID.503.) Plaintiff's Statement of Errors alleges the "Commissioner erroneously failed to give appropriate weight to the opinions of the medical experts, violated agency rules, failed in her duties to provide a fair and full hearing[,] and misapplied the law." (PageID.511.) Accordingly, it falls far short of the requirement that Plaintiff raise specific claims of fact or law within the Statement of Errors.[2] Because Plaintiff's counsel has failed to provide a proper Statement of Errors, the Court has reviewed Plaintiff's brief and gleans the following claims of error.

1. The ALJ should have given controlling weight to the opinion of Ms. Nicole Kosten, a licensed social worker, and Dr. Dennis Mulder, a consultative examiner.

2. The ALJ erred in assigning only partial weight to the opinion of Plaintiff's spouse.

The Court will discuss the issues below.

**1. Ms. Nicole Kosten.**

On November 22, 2013, Ms. Nicole Kosten, a licensed social worker, completed a medical source statement concerning Plaintiff's limitations. (PageID.423–428.) Among other

---

[2] Plaintiff's counsel is advised that future briefs that fail to provide a Statement of Errors alleging specific errors may be stricken.

things, Ms. Kosten offered an opinion regarding Plaintiff's ability to perform unskilled work, his ability to perform semiskilled and skilled work, and his ability to perform particular types of jobs. (PageID.425–426.)  Ms. Kosten noted, for example, that Plaintiff was unable to meet competitive standards in the area of completing a normal workday and workweek without interruptions from psychologically based symptoms, and in the area of dealing with normal work stress. (PageID.425.) He was seriously limited in the ability to maintain regular attendance and be punctual, make simple work related decisions, accept instructions and respond appropriately to criticism, and respond appropriately to changes in a routine work setting.  Plaintiff's abilities were limited, but satisfactory, in several additional areas.  (PageID.425–426.)  Notably, Ms. Kosten was asked three times to explain these limitations and to include the medical and clinical findings that supported this assessment.  Each time, the area was left blank.  (PageID.425–426.)  Plaintiff argues the ALJ committed reversible error when he gave little weight to this assessment.

The Court begins by determining whether Ms. Kosten qualifies as an acceptable source.  *See* 20 C.F.R. 404.1513(a).  Plaintiff's brief contains confusing references to Ms. Kosten's status as either an acceptable source or other source.  At several points, for example, Plaintiff strongly implies that Ms. Kosten should be considered not only as an acceptable source, but as a treating source whose opinion should be given controlling weight.  However Plaintiff later seemingly admits that Ms. Kosten is only an other source whose opinion should be considered under SSR 06–03p, an agency rule for considering opinions from such sources.  (PageID.518–519.)  The Court will now clarify this confusion.  Ms. Kosten is neither a treating physician nor an acceptable source.  She is a social worker.  A social worker is not an "acceptable medical source."  *See* 20 C.F.R. § 404.1513(a), (d); *see also Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 119 (6th Cir. 2010) ("[S]ocial workers are not acceptable medical sources under social security regulations.").

6

There is no "treating social worker rule," and the opinion of a social worker is not entitled to any particular weight. *See Hayes v. Comm'r of Soc. Sec.*, No. 1:09–cv–1107, 2011 WL 2633945, at *6 (W.D. Mich. June 15, 2011) (collecting cases). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See* SSR 06–3p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006)); *see also Bliss v. Comm'r of Soc. Sec.*, 406 F. App'x 541 (2d Cir. 2011) ("[T]he assessment by the social worker is ineligible to receive controlling weight because social workers do not qualify as 'acceptable medical sources.'"). Accordingly, the opinions of a social worker fall within the category of information provided by "other sources." *See* 20 C.F.R. § 404.1513(d).

Though Ms. Kosten's opinion is not from an acceptable source, it should not necessarily be completely rejected. Rather it may be used "to show the severity of [Plaintiff's] impairment(s) and how it affects [Plaintiff's] ability to work." 20 C.F.R. § 404.1513(d). Additionally SSR 06–3p clarifies how the Social Security Administration will "consider opinions from sources who are not 'acceptable medical sources.'" SSR 06–3p, 2006 WL 2329939, at *1 (S.S.A. Aug. 9, 2006). It notes that:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment

> severity and functional effects, along with the other relevant evidence in the file.

*Id.* at *3. The ruling further provides that "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* at *6. The factors for considering acceptable source opinions found at 20 C.F.R. § 404.1527(d) "can" be applied when evaluating these opinions. *Id.* at *4.

The Court concludes this standard was easily met here. The ALJ observed that the opinions were given little weight for several reasons:

> First, the opinions were given in a checkbox form without explanation by Ms. Kosten (Exhibit 7F at 3-4). Second, this form was filled out only after a few sessions with the claimant, as Ms. Kosten indicated that the claimant had first presented to her on August 23, 2013 and the form was filled out on November 23, 2013 (Exhibit 7F at 5, 6). Third, Ms. Kosten's opinions contrast with her own clinical notes. Although Ms. Kosten described additional factors that would affect the claimant's stress, such as punctuality, judgment, complexity, and completing tasks, she previously stated that the claimant's anxiety is best described as social anxiety rather than anxiety related to concentration, persistence, pace or the ability to make judgments ((Exhibit 1F at 3, 7F at 5). Additionally, on November 22, 2013, the day before she filled out the mental medical source statement, Ms. Kosten stated that the form "will indicate that the therapist does not believe that current mental health symptoms are [']necessarily permanent[']" and that the claimant's prognosis at that time was fair to good. (Exhibit 8F at 19). Finally, Ms. Kosten is not an acceptable medical source. Therefore, Ms. Kosten's opinions are given little weight.

(PageID.58.)

The ALJ's assessment is supported by the evidence of record. In addition to noting Ms. Kosten was not an acceptable source, the ALJ correctly noted Ms. Kosten's opinion was not

supported by her treatment notes. For example, an August 29, 2013, note describes Plaintiff as having a normal thought content with the ability to perform basic computations and apply abstract reasoning. He also had a normal attention span and ability to concentrate. Most of his difficulty was with social interaction. (PageID.355.) Another treatment note, this from the same date as the assessment, indicates Plaintiff's prognosis was good to fair, and Ms. Kosten further stated that the restrictions offered were not necessarily permanent. (PageID.447.) The ALJ reasonably found such notes to be inconsistent with the severity of the opinion. Moreover, the ALJ also correctly noted Ms. Kosten did not explain the extreme limitations she provided. Indeed, in similar situations, the Sixth Circuit has found that such rudimentary indications without any accompanying support meet the patently deficient standard. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016). Plaintiff spends considerable effort pointing to other records she claims supports Ms. Kosten's opinion. But none of those records detract from the ALJ's reasons for assigning the opinion little weight or demonstrate the ALJ's decision was unsupported by substantial evidence. Furthermore, it also does not change the fact that Ms. Kosten did not explain her reasoning. Plaintiff claims, however, that if there was any portion of the opinion that raised questions, the ALJ should have recontacted Ms. Kosten. (PageID.518.) The Court is not persuaded.

        Plaintiff bears "the ultimate burden of producing sufficient evidence to show the existence of a disability." *Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir. Aug. 30, 2000) (citations omitted). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate his claim for benefits. *See* 20 C.F.R. §§404.1512 and 404.1514. As the Supreme Court has observed, "[i]t is not unreasonable to require

the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir. 2003) (citations omitted); *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002) (citations omitted). Plaintiff was represented at the administrative hearing and there is no evidence that his counsel was incapable of advocating Plaintiff's position or was unfamiliar with the relevant hearing procedures. Thus, the Court finds that the ALJ was not under a heightened duty to develop the record in this matter.

Furthermore, the ALJ is not required to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's RFC or otherwise resolve his claims. *See, e.g.*, *Lamb v. Barnhart*, 85 F. App'x 52, 57 (10th Cir. 2003); *Ruby v. Colvin*, 2014 WL 5782930 at *13 (S.D. Ohio, Nov. 6, 2014); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010). The record in this matter was sufficient to resolve Plaintiff's claim for benefits.

Finally, Plaintiff appears to fault the ALJ for assigning more weight to the opinion of a non-examining consultant than to the opinion of Ms. Kosten because "[i]n general, the opinions of treating physicians are accorded greater weight than those of physicians who examined claimants only once." (PageID.518.) The authority relied upon by Plaintiff is inapposite. Ms. Kosten is not a treating physician. Instead, the proper authority is SSR 06–03p, which states:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight

> than an opinion from a medical source who is not an "acceptable medical source" because, as we previously indicated in the preamble to our regulations at 65 FR 34955, dated June 1, 2000, "acceptable medical sources" "are the most qualified health care professionals." However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

SSR 06–3p, 2006 WL 2329939, at *5. Plaintiff is correct, then, to the extent that she claims in certain situations an opinion from an other source may be given greater weight than an acceptable source. The Court concludes, however, this is not such a situation. While Ms. Kosten has examined Plaintiff seven times, her opinion was inconsistent with her treatment notes and lacked meaningful explanation. The fact that she was not an acceptable source is also a relevant factor for giving the opinion little weight. On the other hand, the ALJ found that the agency consultant's opinion was entitled to some weight to the extent it was consistent with the objective record. (PageID.57.) In this, the ALJ correctly applied the factors found in 20 C.F.R. § 404.1527(c) and, accordingly, the Court finds the ALJ properly evaluated Ms. Kosten's opinion. This claim of error is denied.

### 2. Dr. Dennis Mulder.

Plaintiff's brief also references an opinion from Dr. Dennis Mulder, a consultative examiner. (PageID.517.) Plaintiff, however, presents no argument regarding this opinion. Rather, Plaintiff merely summarizes its contents and states that the opinion is consistent with the opinion of Ms. Kosten. (PageID.517, 519.) It is not until her conclusion when Plaintiff claims that Dr. Mulder's opinion should have been given controlling weight. (PageID.521.) Even reading

11

Plaintiff's brief in the most indulgent way, the Court finds that any claim of error here has been waived. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); accord *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[P]laintiff develops no argument to support a remand, and thus the request is waived.").

Even if the argument had not been waived, it would have failed. The issue that Plaintiff raises does not involve the treating physician rule because Dr. Mulder was a consultative examiner who did not have a prior treating relationship with Plaintiff. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *see also Louden v. Comm'r of Soc. Sec.*, 507 F. App'x 497, 498 (6th Cir. 2012); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006). Because Dr. Mulder was not a treating physician, the ALJ was not "under any special obligation to defer to his opinion[s] or to explain why he elected not to defer to [them]." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir. 2011). The ALJ's discussion of Dr. Mulder's opinion easily survives scrutiny. (PageID.57.)

### 3. Ms. Ruth McCaleb.

In support of his application for benefits Plaintiff's wife, Ms. Ruth McCaleb, submitted a letter and third-party function report to the Commissioner. Both generally describe Plaintiff as being much more limited than that found by the ALJ. (PageID.300–307, 334–340.) The ALJ gave only partial weight to Ms. McCaleb's opinion, noting that lay opinions are not acceptable

medical opinions, the opinions were overly general, and that Ms. McCaleb had a financial interest in Plaintiff's application. (PageID.58.) Plaintiff's final claim is that "[t]he Commissioner erred when she gave Ms. McCaleb's opinion partial weight because she lacked the credentials to offer acceptable medical opinions. Although Ruth McCaleb may not have the medical expertise regarding the Claimant's medical conditions, she is in the best position to make comments on how she has seen it affect the Claimant's quality of life." (PageID.520.) This short, conclusory argument lacks any accompanying authority and accordingly also borders on waiver. Even giving Plaintiff the benefit of the doubt, however, the Court finds no error.

Opinions expressed by lay witnesses such as a claimant's spouse are not entitled to any deference and the ALJ is not required to articulate good reasons for discounting such. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 481 F.3d 873, 876 (6th Cir. 2007). The ALJ is simply required to consider such opinions and accord such the weight he finds appropriate. *See, e.g.*, *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 397–98 (6th Cir. 2014). The ALJ gave sufficient consideration here. He considered the opinion of Plaintiff's spouse and afforded partial weight for reasons supported by the record. (PageID.58.) It was not in error for the ALJ to consider the financial interest that Plaintiff's spouse would have in an award of benefits. *Hyson v. Comm'r of Soc. Sec.*, No. 5:12CV1831, 2013 WL 2456378, at *20 (N.D. Ohio June 5, 2013) (citing *Ford v. Barnhart*, 57 F. App'x 984, 988–89 (3d Cir. 2003). Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is **AFFIRMED.** A separate judgment shall issue.

The Court further determines that appeal of this matter would not be taken in good faith. *See Smith v. Comm'r of Soc. Sec.*, 1999 WL 1336109, at *2 (6th Cir. 1999); *Leal v. Comm'r of Soc. Sec.*, No. 3:14 CV 285, 2015 WL 731311, at *2 (N.D. Ohio Feb. 19, 2015).

A separate judgment shall issue.

Dated: January 27, 2017          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 UNITED STATES DISTRICT JUDGE